UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUAN PASTUIZACA

    Plaintiff,

-against-

MIHWA JO CORP d/b/a NOODLE FLOWER, SOONYOUNG CHO and FRANKIE JOE

    Defendant.

Index No.:

**COMPLAINT**
**Jury Trial Demanded**

Plaintiff JUAN PASTUIZACA ("Plaintiff" or "Mr. Pastuizaca"), by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants MIHWA JO CORP d/b/a NOODLE FLOWER ("Noodle Flower", the "Company" or the "Corporate Defendant"), SOONYOUNG CHO ("Defendant Cho") and FRANKIE JOE ("Defendant Joe") as follows:

## NATURE OF THE ACTION

1. This action arises and Plaintiff seeks damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA), New York Labor Law § 650 *et seq.* (NYLL), New York State Human Rights Law, NY Exec Law § 296 et. seq (2015) ("State Law"), and the Administrative Code of the City of New York § 8-101 *et seq.* ("City Law").

2. Plaintiff brings this action pursuant to the FLSA and the regulations thereto and NYLL and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 *et seq.*, based upon the following acts and/or omissions Defendants committed:

    i. Defendants' failure to pay Plaintiff, who worked in excess of forty (40) hours per week, proper overtime compensation;

    ii.    Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195; and

    iii.    Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 142-2.4.

3.    Additionally, Plaintiff brings this action to challenge the following discriminatory and retaliatory acts and/or omissions Defendants committed in violation of State Law and City Law:

    i.    Defendants' refusal to grant Plaintiff a reasonable accommodation for his disability;

    ii.    Defendants' discriminatory termination of Plaintiff's employment because of his disability; and

    iii.    Defendants' retaliatory termination of Plaintiff's employment because he requested a reasonable accommodation.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction pursuant to the FLSA, 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the state and city law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.    Jurisdiction is conferred on this Court because Plaintiff and Defendants named herein are residents of the State of New York and/or conduct business in the State of New York. Jurisdiction is conferred on this Court as to all causes of action because they arise under New York State and New York City statutory law.

6. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

7. Pursuant to §8-502(c) of the New York City Human Rights Law, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

## PARTIES

### *Plaintiff*

8. Plaintiff is a New York resident who suffered from a disability due to his left ring finger being severely cut.

9. Plaintiff was at all times an "employee" within the meaning of State Law, protected from discrimination on the basis of disability.

10. Plaintiff was at all times a "person" within the meaning of City Law, protected from discrimination on the basis of disability.

11. Plaintiff was an individual with a "disability," as defined by State Law and City Law, due to the injury to his left ring finger.

### *Defendants*

12. The Company is a Korean restaurant and flower shop based in Queens, New York.

13. Upon information and belief, the Company is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 29-18 Union St, Queens, NY 11354.

14. Upon information and belief, at all times relevant hereto, the Company has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

15. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA.

16. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

18. At all relevant times, the Company has continuously been doing business in the State of New York and the City of New York and has continuously employed more than four (4) people, and accordingly is an "employer" within the definitions of State Law and City Law.

19. Defendant Cho is the owner of the Company and at all relevant times held supervisory authority over Plaintiff by, inter alia, setting Plaintiff's schedule, assigning tasks to Plaintiff, and taking disciplinary action against Plaintiff. Defendant Cho hired Plaintiff. Defendant Cho was Plaintiff's employer.

20. Defendant Joe at all relevant times was an agent or employee of the Company who supervised Plaintiff and held supervisory authority over Plaintiff by, inter alia, setting Plaintiff's schedule, assigning tasks to Plaintiff, and taking disciplinary action against Plaintiff.

Defendant Joe was Plaintiff's employer.

## FACTUAL ALLEGATIONS

### *Background regarding Plaintiff's Employment*

21. In or about 2007, Plaintiff commenced employment at Noodle Flower preparing food, selling flowers, and gardening.

22. Plaintiff was responsible for making deliveries for both the restaurant and flower shop.

23. Plaintiff also acted as a handyman, making necessary repairs at the restaurant.

24. At all times during his employment, Plaintiff was qualified for his position and was able to perform the essential functions of his job.

### *Defendants' Wage and Hour Violations.*

25. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that Defendants have been violating federal and state law and that Plaintiff has been and continues to be economically injured.

26. Defendants have maintained a policy and practice to not pay Plaintiff in accordance with federal and New York State law.

27. Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations when Plaintiff worked in excess of forty (40) hours per week.

28. Defendants have maintained a policy and practice of failing to provide Plaintiff with wage notices and proper paystubs.

29. Plaintiff worked for Defendants from 2004 to 2016 when Defendants

terminated him.

30. While employed by Defendants, Plaintiff worked approximately 67 hours per week for three weeks per month.

31. Plaintiff worked Mondays through Saturdays from 9:00 a.m. to 8:20 p.m. with Sundays off.

32. For one week each month, Plaintiff worked 83 hours to prepare bulk sauces. The Company paid him a flat amount of $1300 for these weeks as well.

33. For four consecutive days on the weeks that Plaintiff worked 83 hours, Plaintiff would report to work at 5:00 in the morning instead of 9:00 a.m., working approximately 15 hours in a single day.

34. Mr. Pastuizaca rarely took more than 10 to 15 minutes a day for lunch.

35. Plaintiff was paid a flat weekly amount of $1,300 regardless of the hours he worked.

36. Therefore, Defendants did not pay Plaintiff the required time and a half overtime rate for all hours worked above 40 per week.

37. Plaintiff regularly worked more than 10 hours per day, but Defendants never provided him with one additional hour of pay per day at the minimum hourly rate as required by the New York State spread-of-hours law.

### *Notice and Recordkeeping Violations*

38. Defendants failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

39. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging,

etc.), or the identification of the regular pay day.

40. Defendants also did not provide Plaintiff with a paystub specifying each of the regular and overtime hours he worked and containing all the other information required under NYLL § 195.

41. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### *Disability Discrimination*

42. On June 12, 2021, Plaintiff injured himself at work.

43. When Plaintiff grabbed a cutting machine, it fell and slit his left ring finger.

44. Plaintiff informed the sauce chef, Kim [last name unknown], who, in turn, informed the Company owner, Defendant Cho, who informed Plaintiff's manager, Defendant Joe.

45. Two days later, Plaintiff had surgery on his finger and received 12 stitches.

46. Plaintiff was told at the hospital that he would need to take a minimum of five to six months off work and would require up to three more surgeries.

47. Upon leaving the hospital, Plaintiff visited Noodle Flower to retrieve his house keys.

48. While visiting the store, Plaintiff informed Defendants Joe and Cho that he could not return to work for five to six months and would need to undergo up to three more surgeries.

49. On August 16, 2021, Defendant Joe called Plaintiff to inform him that he would no longer pay Plaintiff his salary and was terminating his employment.

50. In terminating Plaintiff, the Company discriminated against Plaintiff based on his disability and retaliated against him for requesting a reasonable accommodation.

## FIRST CAUSE OF ACTION
**(Overtime Wage Violations under the FLSA)**

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

53. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

54. Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
**(NYLL Overtime Wage Violations)**

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

57. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty

8

(40) per workweek.

58. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### (NYLL Failure to Notify)

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. Pursuant to §195 of the NYLL, Defendants were required to provide Plaintiff with a wage notice and statements.

61. Defendants failed to provide Plaintiff with a proper wage notice and statements in accordance with §195 of the NYLL.

62. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such wage notice and statements, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### (NYLL Spread-of-Hours)

63. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64. Pursuant to 12 NYCRR 142-2.4, Defendants had an obligation to compensate Plaintiffs for one hour's pay at the minimum wage for each hour he worked in excess of 10 hours in a given day.

65. Although Plaintiff regularly worked more than 10 hours each day, Defendants failed to compensate Plaintiff for one hour's pay at the minimum wage.

66. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for unpaid spread-of-hours payments in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
### (Disability Discrimination in Violation of State Law)

67. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

68. Plaintiff's physical impairment as described in this Complaint constitutes a disability.

69. Defendants willfully violated State Law when they refused to accommodate Plaintiff and terminated Plaintiff's employment because of his disability.

70. As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of

10

enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

71. As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

### SIXTH CAUSE OF ACTION
### (Disability Discrimination in Violation of City Law)

72. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

73. Plaintiff's physical impairment as described in this Complaint constitutes a disability.

74. Defendants willfully violated City Law when they refused to accommodate Plaintiff and terminated Plaintiff's employment because of his disability.

75. As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

76. As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

### SEVENTH CAUSE OF ACTION
### (Retaliation in Violation of State Law)

77. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

78. Defendants retaliated against Plaintiff for engaging in protected activity by requesting a reasonable accommodation for his disability.

79. By the acts and practices described herein, Defendants intentionally and willfully violated State Law by retaliating against Plaintiff.

80. As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

81. As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**EIGHTH CAUSE OF ACTION**
**(Retaliation in Violation of City Law)**

82. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

83. Defendants retaliated against Plaintiff for engaging in protected activity by requesting a reasonable accommodation of Plaintiff's disability.

84. By the acts and practices described herein, Defendants intentionally and willfully violated the City Law by retaliating against Plaintiff.

85. As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

86. As a proximate result of Defendants' unlawful retaliation, Plaintiff has

suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct; and

F. Plaintiff's costs and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated: September 16, 2022

Respectfully submitted,

By: _____
Liane Fisher, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700

13