UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
JUAN PASTUIZACA,

                Plaintiff,

v.

MIHWA JO CORP *d/b/a* NOODLE FLOWER,
SOONYOUNG CHO, and FRANKIE JOE,

                Defendants.
------------------------------------------------------------------

**MEMORANDUM & ORDER**
22-CV-5561 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Juan Pastuizaca commenced the above-captioned action on September 16, 2022, against Defendants Mihwa Jo Corporation, doing business as Noodle Flower, Soonyoung Cho, and Frankie Joe, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 650 *et seq.* ("NYLL"), New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"). (Compl., Docket Entry No. 1.)

    On March 11, 2024, Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to Plaintiff's exempt status under the FLSA and NYLL and Plaintiff's spread-of-hours and wage notice and statement claims under the NYLL. Plaintiff cross-moved for summary judgment on the same claims.[1] On February 8, 2025, the Court (1)

---

[1] (Defs.' Mot. for Summ. J., Docket Entry No. 23; Defs.' Mem. in Supp. of Defs.' Mot. for Summ. J. ("Defs.' Summ. J. Mem."), Docket Entry No. 23-3; Pl.'s Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Summ. J. Opp'n"), Docket Entry No. 28; Pl.'s Mot. for Partial Summ. J., Docket Entry No. 31; Defs.' Opp'n to Pl.'s Mot. for Partial Summ. J. ("Defs.' Summ. J. Opp'n"), Docket Entry No. 35; Pl.'s Reply to Defs.' Summ. J. Opp'n ("Pl.'s Summ. J. Reply"), Docket Entry No. 36.)

denied Defendants' motion for summary judgment and (2) granted in part and denied in part Plaintiff's cross-motion for summary judgment (the "February 2025 Decision"). (Feb. 2025 Decision, Docket Entry No. 38); *Pastuizaca v. Mihwa Jo. Corp.*, No. 22-CV-5561, 2025 WL 437929 (E.D.N.Y. Feb. 8, 2025). Plaintiff now moves for reconsideration on the limited issue of the Court's calculation of damages under the New York Labor Law; Defendants oppose the motion.[2] Specifically, Plaintiff argues the Court should have calculated his regular rate of pay for his overtime claim using the New York Hospitality Industry Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12 § 146-3.5(b), rather than the New York Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.16. (Pl.'s Mem. 2–3.) For the reasons discussed below, the Court grants in part and denies in part Plaintiff's motion for reconsideration.

**I. Background**

The Court assumes familiarity with the facts as detailed in the February 2025 Decision, and therefore only provides a summary of the pertinent facts.

Until August of 2021, Plaintiff worked for two of Defendants' businesses: Noodle Flower, a restaurant, flower shop, and bulk sauce producer, and BAP JIP LLC ("Bap Jip"), a bulk sauce producer. *Pastuizaca*, 2025 WL 437929, at *1, 5. At Noodle Flower, Plaintiff spent

---

[2] (Pl.'s Mot. for Reconsideration ("Pl.'s Mot."), Docket Entry No. 39; Pl.'s Mem. in Supp. of Pl.'s Mot. ("Pl.'s Mem."), Docket Entry No. 40; Defs.' Opp'n to Pl.'s Mot. ("Defs.' Opp'n"), Docket Entry No. 41; Pl.'s Reply in Supp. of Pl.'s Mot. ("Pl.'s Reply"), Docket Entry No. 42.) Plaintiff does not cite any law pursuant to which he moves for reconsideration, but does quote *Suarez v. Big Apple Car, Inc.*, No. 15-CV-5330, 2017 WL 9400686, at *1 (E.D.N.Y. Dec. 1, 2017) in stating that "[a] [c]ourt may grant reconsideration to 'correct a clear error or prevent manifest injustice.'" (Pl.'s Mem. 2 (quoting *Suraez*, 2017 WL 9400686, at *1).) *Suarez* evaluated the defendants' motion for reconsideration "under Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 6.3." *Suraez*, 2017 WL 9400686, at *1. The Court accordingly construes Plaintiff's motion under Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 6.3.

2

most of his time at the flower shop from March through August, and about seventy percent of his time at the restaurant and thirty percent at the flower shop from September to February. *Id.* at *2. Plaintiff's job responsibilities included buying and preparing food, selling flowers, gardening, making deliveries, and minor handyman tasks. *Id.* Plaintiff spent about twenty-seven hours a month involved in making Noodle Flower's bulk sauce and would instruct other employees on how to make the sauce. *Id.* In early 2021, Plaintiff exclusively worked for Bap Jip making bulk sauces when Noodle Flower was closed down due to the COVID-19 pandemic. *Id.* at *5 & n.8; (Defs.' Opp'n 4).

In the February 2025 Decision, the Court noted that there were sixteen weeks between September of 2019 and June of 2021 when Plaintiff was not paid the minimum required for exempt employees under the NYLL.[3] *Id.* at *5. For eleven of those weeks between February 7, 2021 and April 18, 2021, Plaintiff exclusively worked for Bap Jip.[4] *Id.* at *5 & n.8. The Court

---

[3] In the February 2025 Decision, the Court inadvertently stated that there were "eighteen" rather than "sixteen" weeks where Plaintiff was not exempt and identified one week as "September 19, 2019" instead of "September 1, 2019." *Pastuizaca*, 2025 WL 437929, at *5, *14 n.18, *19 n.21. Plaintiff was not exempt when he was paid below the NYLL statutory minimum for the sixteen weeks ending on September 1, 2019; May 10, 2020; May 24, 2020; January 31, 2021; February 7, 2021; February 14, 2021; February 21, 2021; February 28, 2021; March 7, 2021; March 14, 2021; March 21, 2021; March 28, 2021; April 4, 2021; April 11, 2021; April 18, 2021; and June 27, 2021. (Defs.' Pay Records 1–7, annexed to Decl. of Lian Fisher, Esq. ("Fisher Decl.") as Ex. 3, Docket Entry No. 27-3.)

[4] In the February 2025 Decision, the Court mistakenly counted twelve weeks rather than eleven weeks where Plaintiff worked for Bap Jip because Noodle Flower was closed down. *Pastuizaca*, 2025 WL 437929, at *5, *14 n.18; (Defs.' Pay Records 7). Plaintiff worked exclusively for Bap Jip between the weeks ending on February 7, 2021 and April 18, 2021, rather than between the weeks ending on January 31, 2021 and April 18, 2021. (Defs.' Pay Records 7.) In the February 2025 Decision, the Court also noted that Plaintiff worked 82.25 overtime hours during the weeks he was not exempt and Noodle Flower was operating, and 260.9 overtime hours during the weeks he was not exempt and Noodle Flower was closed but Plaintiff was working for Bap Jip. *Pastuizaca*, 2025 WL 437929, at *8. Although Plaintiff's total overtime hours does not change and the number of weeks at which Plaintiff only worked for Bap Jip did not affect the Court's calculation of Plaintiff's damages or any other conclusion in

3

accordingly granted Plaintiff's cross-motion for summary judgment as to Plaintiff's overtime claim, spread-of-hours claim, and wage notice claim for the sixteen weeks where he was paid less than the minimum required for exempt employees under the NYLL. *Id.* at *19. The Court awarded Plaintiff $27,857 in damages against Defendants, consisting of: (1) $10,294.50 in unpaid overtime wages; (2) $1,134 in violation of the NYLL's spread-of-hours law; (3) $5,000 in violation of the NYLL's wage notice law; and (4) $11,428.50 in liquidated damages. *Id.* The Court also awarded prejudgment interest on Plaintiff's wage claim damages from July 29, 2020, until the date judgment is entered, at a rate of $4.04 per day. *Id.* at *13. For the remaining weeks of Plaintiff's employment, the Court denied Defendants' motion for summary judgment and Plaintiff's cross-motion for summary judgment as to Plaintiff's: (1) exempt status under the FLSA and NYLL; (2) spread-of-hours claim under the NYLL; and (3) wage notice and statement claims under the NYLL. *Id.* at *20.

     Plaintiff now moves to reconsider the Court's calculation of his overtime wages, liquidated damages, and prejudgment interest. He argues that because he worked at Noodle Flower, a restaurant, the Court should have calculated his regular rate of pay for his overtime claim using the New York Hospitality Industry Wage Order rather than the New York Miscellaneous Industries and Occupations Wage Order. (Pl.'s Mem. 2–3.) Because the Court's calculation of Plaintiff's liquidated damages and prejudgment interest depended, in part, on his overtime wages, Plaintiff also seeks reconsideration of those damages. (*Id.* at 2–4.)

---

the February 2025 Decision, the Court revises the distribution of Plaintiff's overtime hours as follows: Plaintiff worked 94 overtime hours during the weeks Noodle Flower was operating and 249.15 overtime hours during the weeks Noodle Flower was closed and he was working at Bap Jip.

4

## II. Discussion

### a. Standard of review

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (same); *see also* S.D.N.Y. & E.D.N.Y. Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked"). "Controlling decisions include decisions from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts . . . ." *Pentacon BV v. Vanderhaegen*, No. 23-CV-2172, 2024 WL 3835334, at *12 (S.D.N.Y. Aug. 15, 2024) (quoting *Cobalt Multifamily Invs. I, LLC v. Shapiro*, No. 06-CV-6468, 2009 WL 4408207, at *2 (S.D.N.Y. Dec. 1, 2009)); *see also Tenemille v. Town of Ramapo*, No. 18-CV-724, 2022 WL 2047819, at *5 (S.D.N.Y. June 7, 2022) (quoting same). In addition to considering any evidence or controlling cases the court overlooked, the court should also consider whether there has been "an intervening change of controlling law." *Commerzbank AG*, 100 F.4th at 377 (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *Network Apps, LLC v. AT&T Mobility LLC*, 778 F. Supp. 3d 610, 619 (S.D.N.Y. 2025) ("Reasons to 'depart from the law of the case and reconsider [an] issue' may include 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (alteration in

5

original) (quoting *Gulino v. Bd. of Educ. of N.Y.C. Sch. Dist. of the City of New York*, 555 F. App'x 37, 40 (2d Cir. 2014))); *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 22-CV-2936, 2023 WL 3159233, at *1 (E.D.N.Y. Apr. 28, 2023) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104).

It is thus well-settled that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *U.S. for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (alteration in original) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended*, (July 13, 2012)). "A motion for reconsideration is not an opportunity for a [party] to 'relitigate an issue already decided' or present arguments that could have been made before the judgment was entered." *Ethridge*, 49 F.4th at 688 (quoting *Shrader*, 70 F.3d at 257); *see also Doe v. Martucci*, No. 20-CV-2331, 2024 WL 5118505, at *2 (S.D.N.Y. Dec. 16, 2024) ("[A] motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." (quoting *Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005))); *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) ("A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014))), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

    **b. The Court grants in part and denies in part Plaintiff's motion for reconsideration**

Plaintiff argues that the Court "erred in calculating overtime damages and therefore liquidated damages and prejudgment interest." (Pl.'s Mem. 1.) Plaintiff contends that because

6

he worked for a restaurant, *Pastuizaca*, 2025 WL 437929, at *9, the Court should have calculated Plaintiff's regular rate of pay for his overtime claim using the New York Hospitality Industry Wage Order rather than the New York Miscellaneous Industries and Occupations Wage Order. (*Id.* at 2–3.) Plaintiff also argues that the Court erred in calculating his liquidated damages and prejudgment interest because those calculations depend in part on the calculation of overtime wages. (*Id.* at 2–4.) Plaintiff contends that if the Court reconsiders its previous conclusion that Plaintiff worked at a restaurant, the "Court should find that Plaintiff worked in the hospitality industry for the weeks that he worked" at Noodle Flower. (Pl.'s Reply 1.)

Defendants argue that the Court did not err in calculating Plaintiff's damages. They contend that Plaintiff was not a hospitality worker because for many of the weeks when he was not exempt, he worked for Bap Jip, which "only manufactured the sauces" and thus "does not fit the definition of a hospitality industry under the NYLL." (Defs.' Opp'n 3.) Defendants explain that Bap Jip is not part of the hospitality industry under the NYLL because it "did not provide a place where food and beverages were prepared on its premises," did not have "a drinking or eating place that offered foods or beverages to be consumed," but only "made, packed and delivered" wholesale sauces to supermarkets. (*Id.* at 4.)

### i. The Court grants Plaintiff's motion for reconsideration for the five weeks he was not exempt and worked at Noodle Flower

The Court grants Plaintiff's motion for reconsideration for the five weeks he was not exempt and worked at both Noodle Flower and Bap Jip. The New York Hospitality Industry Wage Order applies to restaurants, which are defined as "any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such services as catering, banquet, box lunch, curb service or counter service to the public[.]" N.Y. Comp. Codes R. & Regs. tit. 12 § 146-3.1(b); *see Escobar v. Mahopac Food Corp.*, No. 19-

7

CV-510, 2025 WL 934906, at *9 n.7 (E.D.N.Y. Mar. 5, 2025) (explaining that "[u]nder the NYLL regulations, 'any eating or drinking place that prepares and offers food or beverage for human consumption' is considered to be a part of the hospitality industry." (quoting N.Y. Comp. Codes R. & Regs. tit. 12 § 146-3.1(b))), *report and recommendation adopted*, 2025 WL 931283 (E.D.N.Y. Mar. 27, 2025); *Saavedra v. Twin Kitty Bakery Corp.*, No. 18-CV-932, 2021 WL 1394487, at *11 n.11 (E.D.N.Y. Feb. 16, 2021) (explaining that the New York Hospitality Industry Wage Order applies to "[e]very employer in the hospitality industry," including any restaurant, which is "defined as 'any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as catering, banquet, box lunch, curb service or counter service to the public.'" (alteration in original) (quoting N.Y. Comp. Codes R. & Regs. tit. 12 §§ 146-1.1(a), 146-3.1(a), 146-3.1(b))), *report and recommendation adopted*, 2021 WL 1169321 (E.D.N.Y. Mar. 29, 2021).

It is undisputed that Plaintiff's responsibilities at Noodle Flower included "buying and preparing food," "making deliveries," occasionally covering for the chef when he was absent, plating dishes, and serving tables when there were staff shortages. *Pastuizaca*, 2025 WL 437929, at *2. The parties did not dispute that Noodle Flower was a "restaurant" at summary judgment, and the Court concluded that Plaintiff was a restaurant worker when calculating his spread-of-hours pay. *Id.* (describing Noodle Flower as "a restaurant, flower shop, and bulk sauce producer"); *id.* at *9 ("Because Plaintiff worked at a restaurant, he is eligible for spread of hours pay even though his regular rate of pay was above the minimum wage throughout his employment.") (citations omitted). The Court agrees with Plaintiff that during the weeks he worked at Noodle Flower he was a hospitality industry worker. Because Plaintiff was a hospitality industry employee for those weeks, the Court should have calculated his regular rate of pay according to the New York Hospitality Industry Wage Order, which provides that an

8

"hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of [forty] hours or the actual number of hours worked by that employee during the work week."[5] N.Y. Comp. Codes R. & Regs. tit. 12 § 146-3.5(b). *See also Paulino v. S & P Mini Mkt. Corp.*, No. 22-CV-8724, 2025 WL 1932906, at *4 n.2 (S.D.N.Y. July 15, 2025) (explaining that a plaintiff who handled food in a deli was subject to the New York Hospitality Industry Wage Order) (citations omitted); *Melo v. Milagro Grocery Corp.*, 750 F. Supp. 3d 38, 55 n.5 (E.D.N.Y. 2024) (explaining that the plaintiff qualified as a hospitality worker because he worked behind the counter at a deli and was a food runner); *Montanes v. Avanti*, No. 21-CV-586, 2022 WL 17820103, at *1, 3 (E.D.N.Y. Oct. 20, 2022) (applying the New York Hospitality Industry Wage Order to a plaintiff who "worked as a dishwasher, cook and food preparer" at a restaurant), *report and recommendation adopted*, Order adopting Report and Recommendations, No. 21-CV-586 (E.D.N.Y. Nov. 8, 2022); *Ramos v. Guaba Deli Grocery Corp.*, No. 20-CV-4904, 2021 WL 5563714, at *9 n.9 (S.D.N.Y. Nov. 29, 2021) (concluding the plaintiff was a hospitality worker where the plaintiff's job duties included food preparation), *appeal dismissed sub. nom.*, *Ramos v. Rivera*, No. 22-82, 2022 WL 1564556, at *1 (2d Cir. Apr. 21, 2022); *Xin Long Lin v. New Fresca Tortilla, Inc.*, No. 18-CV-3246, 2019 WL 3716199, at *3 n.6 (E.D.N.Y. May 1, 2019) (concluding that the plaintiff's "description of his employment 'support[s] the reasonable inference that [the] [p]laintiff worked in a restaurant'" and was therefore in the hospitality industry), *report and recommendation adopted*, 2019 WL 3714600 (E.D.N.Y. May 28, 2019). The Court therefore grants Plaintiff's motion for

---

[5] In the February 2025 Decision, the Court calculated Plaintiff's regular rate of pay by "dividing the total hours worked during the week into the employee's total earnings," as provided by the Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.16. *Pastuizaca*, 2025 WL 437929, at *6. The parties agreed that Plaintiff's daily rate was $216 and that he worked between ten and eleven hours per day. *Id.* at *8 n.11. Accordingly, the Court calculated his hourly rate to be approximately $20 per hour.

9

reconsideration for the five weeks he was not exempt and worked at both Noodle Flower and Bap Jip, and, on reconsideration, calculates Plaintiff's overtime damages for these five weeks according to the New York Hospitality Industry Wage Order rather than the New York Miscellaneous Industries and Occupations Wage Order.

The Court recalculates Plaintiff's unpaid overtime wages, liquidated damages, and prejudgment interest, accounting for Plaintiff's regular rate according to the New York Hospitality Industry Wage Order. First, Plaintiff's regular rate of pay varied for each of the weeks he was not exempt and worked at Noodle Flower. His regular rate of pay for the week ending on (1) September 1, 2019 was $21.67; (2) May 10, 2020 was $27.09; (3) May 24, 2020 was $27.11; (4) January 31, 2021 was $20.06; and (5) June 27, 2021 was $27.09.[6] Plaintiff's overtime wages for the five weeks he was not exempt and worked at Noodle Flower therefore totals $3,601.49.[7] Plaintiff's total overtime wages for the sixteen weeks he was not exempt totals

---

[6] The Court calculates Plaintiff's regular rate of pay by dividing Plaintiff's weekly earnings by forty hours, (Defs.' Pay Records), as instructed by the New York Hospitality Industry Wage Order. N.Y. Comp. Codes R. & Regs. tit. 12 § 146-3.5(b). Plaintiff's regular rate of pay is as follows: (1) Week ending on September 1, 2019: $866.66 weekly pay / 40 hours = $21.67; (2) Week ending on May 10, 2020: $1,083.49 weekly pay / 40 hours = $27.09; (3) Week ending on May 24, 2020: $1,084.32 weekly pay / 40 hours = $27.11; (4) Week ending on January 31, 2021: $802.50 weekly pay / 40 hours = $20.06; and (5) Week ending on June 27, 2021: $1,083.40 weekly play / 40 hours = $27.09.

[7] The Court calculates Plaintiff's overtime wages by multiplying his regular rate by one and one-half. *Urena v. 0325 Tuta Corp.*, No. 20-CV-3751, 2022 WL 4284879, at *5 (S.D.N.Y. Sept. 16, 2022) ("[W]here the plaintiff is paid consistent with or in excess of the applicable minimum wage, the appropriate overtime rate is 1.5 times the plaintiff's regular rate.") (citation omitted), *report and recommendation adopted*, 2022 WL 17249362 (S.D.N.Y. Nov. 28, 2022); *Ramos v. Guaba Deli Grocery Corp.*, No. 20-CV-4904, 2021 WL 5563714, at *9 (S.D.N.Y. Nov. 29, 2021) (calculating the plaintiff's overtime wages by multiplying the regularly hourly rate according to the New York Hospitality Industry Wage Order by one and one-half). As discussed in the February 2025 Decision, the Court estimates Plaintiff's overtime hours from his timecards. *Pastuizaca*, 2025 WL 437929, at *8; (J. Pastuizaca Timecards, Week of Sept. 1, 2019, DNF00100, annexed to Defs.' 56.1 Resp. to Pl.'s 56.1 Counterstmt. ("Defs.' 56.1 Resp.") as Ex. B, Docket Entry No. 34; *id.*, Week of May 10, 2020, DNF000134; *id.*, Week of May 24,

10

$11,075.99.[8]  Second, Plaintiff's liquidated damages, which are equal to the amount of unpaid overtime wages and spread-of-hours pay Defendants owe Plaintiff, is accordingly $12,209.99.[9]  Third, Plaintiff is entitled to prejudgment interest on his wage claims from July 29, 2020, until the date judgment is entered, at a rate of $4.24 per day.[10]

### ii. The Court denies Plaintiff's motion for reconsideration as to the weeks he was exempt but worked exclusively at Bap Jip

The Court denies Plaintiff's motion for reconsideration as to the eleven weeks when he was not exempt and worked exclusively at Bap Jip.  Although Defendants owned both Noodle Flower and Bap Jip, they were separate entities and Defendants only paid Plaintiff from Bap Jip during the weeks in 2021 when Noodle Flower was closed.  *Pastuizaca*, 2025 WL 437929, at *5 n.8; (Defs.' Pay Records 7).  At the time of Plaintiff's employment, Bap Jip only produced bulk

---

2020, DNF000136; *id.*, Week of Jan. 31, 2021, DNF 000171; *id.*, Week of June 27, 2021, DNF000191.)   The Court accordingly calculates Plaintiff's overtime wages as follows: (1) Week ending on September 1, 2019: ([$21.67 regular rate x 1.5]) x (8 overtime hours)] = $260.04 (2) Week ending on May 10, 2020: ([$27.09 regular rate x 1.5] x (24.75 overtime hours)] = $1,005.72; (3) Week ending on May 24, 2020: ([$27.11 regular rate x 1.5) x (24.5 overtime hours)] = $966.29; (4) Week ending on January 31, 2021: ([$20.06 regular rate x 1.5) x (11.75 overtime hours)] = $353.56; and (5) Week ending on June 27, 2021: ([$27.09 regular rate x 1.5) x (25 overtime hours)] = $1,015.88.  Plaintiff's total lost wages for the weeks ending on September 1, 2019; May 10, 2020; May 24, 2020; January 31, 2021; and June 27, 2021 is $3,601.49.

[8]  As discussed below, the Court denies Plaintiff's motion for reconsideration as to the eleven weeks Plaintiff worked exclusively at Bap Jip.  For those weeks, Plaintiff's regular rate of pay remains $20, and his overtime premium is $30, as calculated in the February 2025 Decision.  *Pastuizaca*, 2025 WL 437929, at *8.  Plaintiff worked 249.15 overtime hours during the eleven weeks he was not exempt and Noodle Flower was closed, for a total of $7,474.50 ([$20 regular rate x 1.5] x 249.15 hours) in lost wages.

[9]  As the Court noted in the February 2025 Decision, Plaintiff is entitled to spread-of-hours pay of $1,134, which represents an hour of pay at the prevailing minimum wage for each day he worked over ten hours.  *Pastuizaca*, 2025 WL 437929, at *10; (Pl.'s Mem. 3).

[10]  The Court calculates prejudgment interest in the same manner as in the February 2025 Decision: ([$11,075.99 in unpaid overtime wages + $1,134 in violation of NYLL's spread-of-hours law + $5,000 in violation of NYLL's wage notice law] x [9% interest / 365 days]).

11

sauce for wholesale. *Id.* at *5 & n.8; (Defs.' Opp'n 4; Dep. of F. Joe 29:10–30:23, annexed to Fisher Decl. as Ex. 1, Docket Entry No. 27-1.) Neither party objected to the Court's characterization of Bap Jip as a "bulk sauce producing company" in the February 2025 Decision, *Pastuizaca*, 2025 WL 437929, at *5, and Plaintiff did not object to Defendants' argument that Bap Jip was a "separate entity" from Noodle Flower and existed "exclusively . . . to manufacture sauces to be sold in Asian supermarkets" and did not "provide a place where food and beverages were prepared" nor did it have "a drinking and eating place that offered foods or beverages to be consumed." (Defs.' Opp'n 3–4.) Bap Jip is therefore not a restaurant under the New York Hospitality Industry Wage Order, and the Court correctly applied the New York Miscellaneous Industries and Occupations Wage Order to calculate Plaintiff's overtime wages for the eleven weeks he was not exempt and worked at Bap Jip. *See Nasir v. Khokon*, No. 23-CV-2128, 2024 WL 4664722, at *5 n.7 (E.D.N.Y. Aug. 26, 2024) (declining to apply the New York Hospitality Industry Wage Order where the plaintiff worked at a convenience store and did not "specifically argue[] that the definition of 'restaurant' . . . applie[d] to [the] plaintiff's work").

**III. Conclusion**

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion for reconsideration of the Court's calculation of damages. The Court grants Plaintiff's motion with respect to the five weeks Plaintiff was not exempt and worked at Noodle Flower and Bap Jip,[11] and denies Plaintiff's motion as to the remaining eleven weeks when Plaintiff was not exempt and worked exclusively at Bap Jip. Accordingly, the Court awards Plaintiff damages against Defendants in the amount of $29,419.98 consisting of: (1) $11,075.99 in unpaid overtime

---

[11] The five weeks Plaintiff was not exempt and worked at both Noodle Flower and Bap Jip were the weeks ending on September 1, 2019; May 10, 2020; May 24, 2020; January 31, 2021; and June 27, 2021.

wages; (2) $1,134 in violation of the NYLL's spread-of-hours law; (3) $5,000 in violation of the NYLL's wage notice law; and (4) $12,209.99 in liquidated damages. Prejudgment interest shall be added to this amount, to be calculated as stated above.

Dated: August 14, 2025
      Brooklyn, New York

                                  SO ORDERED:

                                  _____s/ MKB_____
                                  MARGO K. BRODIE
                                  United States District Judge